**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

KODY EVANS,

      Petitioner

v.

UNITED STATES OF AMERICA,

      Respondent

Case No. 14-2170
Criminal No. 08-20429-2

**OPINION AND ORDER DENYING PETITIONER'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

On May 15, 2012, Petitioner Kody Evans pleaded guilty to six counts of robbery affecting interstate commerce in violation of 18 U.S.C. § 1951 and, on the basis of aiding and abetting, one count of using a firearm during the robberies in violation of 18 U.S.C. § 924(c). Evans received a sentence of 204 months imprisonment.

Now before the court is a motion, filed by Evans on March 7, 2014, amended on March 31, 2014, and pursuant to 28 U.S.C. § 2255 seeking to modify his sentence. Evans claims actual innocence of his § 924(c) conviction, ineffective assistance of counsel, and various other constitutional violations. For the reasons set forth below, the court will deny Evans' motion.

**I. STANDARD**

Under 28 U.S.C. § 2255, a prisoner sentenced by a federal court may "move the court which imposed the sentence to vacate, set aside or correct the sentence" when "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence

was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." Such motions, however, must demonstrate "the existence of a fundamental defect which inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure" in order for relief to be obtained. *United States v. Todaro,* 982 F.2d 1025, 1030 (6th Cir. 1993) (citing *Hill v. United States*, 368 U.S. 424, 428 (1962)).

## II. DISCUSSION

### A. Evans is Not Actually Innocent of Violating § 924(c)

Evans contends that the recent Supreme Court decision in *Rosemond v. United States,* 134 S. Ct. 1240 (2014), renders him actually innocent of his § 924(c) conviction. (Dkt. # 4, Pg. ID 32.) In *Rosemond,* the Court held that a person "has the intent needed to aid and abet a § 924(c) violation when he knows that one of his confederates will carry a gun. *Id.* at 1249. Therefore, a "defendant's knowledge of a firearm must be advance knowledge–or other wise said, knowledge that enables him to make the relevant legal (and indeed, moral) choice." *Id.*

A petitioner may make an actual innocence claim in a habeas corpus motion. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012). Petitioners in such a circumstance must show "(1) the existence of a new interpretation of statutory law, (2) which was issued after the petitioner had a meaningful time to incorporate the new interpretation into his direct appeals or subsequent motions, (3) is retroactive, and (4) applies to the merits of the petition to make it more likely than not that no reasonable juror would have convicted him." *Id.* at 307-08.

2

While the Supreme Court has "strictly limited the circumstances under which a guilty plea may be attacked on collateral review," *Bousley v. United States*, 523 U.S. 614, 621 (1998), a guilty plea does not always bar a prisoner from making an actual innocence claim in light of new judicial precedent. *See Waucaush v. United States*, 380 F.3d 251, 255 (6th Cir. 2004). In *Waucaush*, the court allowed a prisoner who previously pled guilty to violating the Racketeer Influenced Corrupt Organizations Act (RICO) to claim actual innocence on collateral review in light of an intervening Supreme Court decision. To illustrate its reasoning, the court made the following analogy:

> [I]mage that Waucaush had admitted to stealing apples from the Post Office, was advised by his counsel and the court that apples were vegetables, and pled guilty to "stealing vegetables from a federal building." If the Supreme Court later held that, as a matter of law, apples were not vegetables, Waucaush would be actually innocent of "stealing vegetables."

380 F.3d at 255. The government may, of course, offer evidence rebutting the petitioner's claim of actual innocence. *Id. at 254. Waucaush* only stands for the proposition that a guilty plea is not necessarily fatal to an actual innocence claim.

None of this is to say that a change in law will *always* render it permissible for a petitioner to disavow his plea. *See Brady v. United States*, 397 U.S. 742, 757 (1970). *Brady* involved a prisoner who challenged his guilty plea in light of the Supreme Court's decision in *United States v. Jackson*, which rendered it unconstitutional to impose the death penalty only upon a jury's recommendation. The petitioner, who pled guilty in order to avoid the possibility receiving the death penalty, wanted to be given a jury trial. 397 U.S. at 744. The Court found "no requirement in the Constitution that a defendant must be permitted to disown his solemn admissions in open court that he committed the

3

act with which he is charged simply because it later develops that the State would have had a weaker case than the defendant had thought." *Id.* at 757. Further, "a voluntary plea of guilty intelligently made in light of the then applicable law does not become vulnerable because later judicial decisions indicate that the plea rested on a faulty premise." *Id.*

Taken together, the authorities lead to the conclusion that one may not withdraw or amend statements made pursuant to a guilty plea; nor does a new court decision that changes the scope of the relevant law necessarily make one's guilty plea involuntary or unintelligent. If, however, the decision calls into question of the criminality of the acts to which the individual admitted, he or she may bring an actual innocence claim provided all of the *Wooten* factors are present.

Here, Evans fails to establish two of the factors set forth in *Wooten.* First, *Rosemond* does not apply retroactively on collateral review. Evans' claim in favor or retroactivity rests on the Supreme Court's analysis in *Teague v. Lane,* 489 U.S. 288 (1989). (Dkt. # 4, Pg. ID 33.) In *Teague*, the Court identified two circumstances when a ruling may be applied retroactively. First, a case may be retroactively applied when it announces a new rule of law. *Id.* at 301. A case "announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government." *Id.* Second, a case may be retroactively applied if it represents a "watershed rule" of criminal procedure, which implicates the fundamental fairness and accuracy of the criminal proceeding. *Id.* at 311. In a subsequent decision, the Court clarified how to apply *Teague* by holding "a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." *Tyler v. Cain*, 533 U.S.

4

656, 662 (2001).

The Supreme Court did not hold *Rosemond* to be retroactively applicable to cases on collateral review, and this court declines to do so. This decision is in accordance with the vast majority of decisions determining whether *Rosemond* applies retroactively. *See, e.g., Minaya v. United States*, 41 F. Supp. 3d 343, 345 (S.D.N.Y. 2014) ("There is no indication that the Supreme Court intended for [*Rosemond*] to apply retroactively to this type of collateral review."); *Gentile v. Fox*, No. CV 14-1726-GAF, 2014 WL 3896065, at *8 (C.D. Cal. July 11, 2014) ("[*Rosemond*] did not involve an actual innocence claim, but merely an instructional error claim, and there is no indication in the decision that the rule declared therein regarding what it takes to aid and abet a § 924(c) offense would apply retroactively on collateral review."); *Martinez v. United States*, No. 3:01-CR-229-L(02), 2014 WL 3361748, at *2 (N.D. Tex. July 9, 2014) ("*Rosemond* did not announce a new 'substantive' rule . . . Furthermore, the rule does not qualify as a 'watershed rule of criminal procedure, implicating the fundamental fairness and accuracy of the criminal proceeding.'") (citations omitted). In fact, there appears to be only one instance where a federal court has applied *Rosemond* retroactively. *United States v. Green*, Nos. 14-C-431, 08 CR-124, 2014 WL 347833, at *1 (E.D. Wis. Jan. 23, 2015).

Even if the analysis in *Green* is correct, however, Evans has also failed to show that it is more likely than not that a jury would find him not guilty of violating § 924(c). In his amended motion, Evans produces an affidavit stating that he did not have advance knowledge that his codefendants would use or carry a firearm during the robbery. (Dkt. # 4, Pg. ID 36.) However, in his original motion he "admits to knowledge of the firearm

5

and participation in the underlying offense, (Dkt. # 1-1, Pg. ID 16), arguing only that "he did'nt [sic] intentional [sic] facilitate or encourage the use of the firearm." (Dkt. # 1-1, Pg. ID 17.) In addition, after pleading guilty, Evans submitted a statement wherein he stated "I agreed to participate in these crimes thinking that as long as the firearm wasn't loaded, we agreed that no one would be physically armed [sic], and all I had to do was collect they [sic] funds, that the consequence for me and the danger for the victim would be to a minimum." Evans may not now, only after the Court's decision in *Rosemond*, conveniently change his story and claim that he had no knowledge of the firearms.

## B. *Alleyne v. United States* Does not Require Evans to Be Resentenced

Evans' brings several claims based on the Supreme Court case *Alleyne v. United States*, 133 S. Ct. 2151 (2013). Evans could not rely on *Alleyne* at the time of his plea because the decision was announced between his conviction and appeal. Evans claims violation of his Fifth, Sixth, and Fourteenth Amendment rights, as well as ineffective assistance of counsel in light of *Alleyne*. (Dkt. # 1-1, Pg. ID 9.)

The Sixth Circuit has stated unequivocally that "*Alleyne* does not apply retroactively to cases on collateral review." *In re Mazzio*, 756 F.3d 487, 491 (6th Cir. 2014). The court, therefore, does not need to address the merits of Evans' arguments which rely only on *Alleyne* as he may not raise them in a § 2255 motion.

To the extent that Evans' ineffective assistance claim is based on *Strickland v. Washington*, and not *Alleyne*, Evans still fails to meet the standard required to prove ineffective assistance. Under *Strickland*, "[w]hen a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's

representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). When evaluating a claim, "the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690.

Evans points to counsel's failure to raise *Alleyne* on direct appeal as proof of ineffectiveness. (Dkt. # 1-1, Pg. ID 17.) No *Alleyne* issues arise where, "the defendant [understands] the charge against him (firearm use during a crime of violence), [knows] the consequence of brandishing (the seven-year minimum), and voluntarily [pleads] guilty, admitting that he did in fact brandish the weapon." *United States v. Yancy*, 725 F.3d 596, 602 (6th Cir. 2013). A failure to consider *Alleyne* does not, therefore, on its own constitute a reason to doubt counsel's performance. In addition, in its reply brief, the government points out that Evans has not contested facts set forth by the prosecution at his guilty plea which establish that he did, in fact, brandish the weapon . . ." (Dkt. # 5 Pg. ID 46.) Evans has not shown nearly enough to overcome the presumption that his counsel "rendered adequate assistance."

### III. CONCLUSION

IT IS ORDERED that Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence (Dkt. ## 1, 4 ) is DENIED.

                                           s/Robert H. Cleland  
                                           ROBERT H. CLELAND  
                                           UNITED STATES DISTRICT JUDGE

Dated: October 7, 2015

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 7, 2015, by electronic and/or ordinary mail.

                                             s/Lisa Wagner  
                                             Case Manager and Deputy Clerk  
                                             (313) 234-5522