**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

KODY EVANS,

    Petitioner,

v.                                                                  Criminal Case No. 08-20429-2
                                                                 Civil Case No. 14-02170

THE UNITED STATES,

    Respondent.
_____/

**OPINION AND ORDER DENYING DEDENDANT'S MOTION FOR
RECONSIDERATION AND DECLINING TO ISSUE A CERTIFICATE OF
APPEALABILITY**

On May 15, 2012, Petitioner Kody Evans pleaded guilty to six counts of robbery affecting interstate commerce in violation of 18 U.S.C. § 1951 and, on the basis of aiding and abetting, one count of using a firearm during the robberies in violation of 18 U.S.C. § 924(c). Petitioner received a sentence of 204 months imprisonment. He filed a petition pursuant to 28 U.S.C. § 2255 seeking to modify his sentence based on claims of actual innocence of his § 924(c) conviction, ineffective assistance of counsel, and various other constitutional violations. (Dkt. # 1, 4.) The court concluded the claims lacked merit and denied the petition. (Dkt. # 9.) Thereafter, Petitioner filed a Motion for Reconsideration or in the alternative for a Certificate of Appealability. (Dkt. # 11.) The court has considered the motion and for the reasons discussed herein will deny it.

**I. STANDARD**

**A. Motion for Reconsideration**

Subject to the court's discretion, a motion for reconsideration shall be granted only if the movant "demonstrate[s] a palpable defect by which the court and the parties . . . have been misled" and "show[s] that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3) "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest or plain.'" *Buchanan v. Metz*, 6 F. Supp. 3d 730, 752 (E.D. Mich. 2014) (quoting *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004)). The court "will not grant motions for . . . reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. L.R. 7.1(h)(3).

### B. Certificate of Appealability

A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a certificate of appealability under § 2253(c)(2), a habeas petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 US. 473, 483-84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

## II. DISCUSSION

Petitioner's motion for reconsideration reargues the ineffective assistance of counsel claim he raised in his § 2255 petition. (Dkt. # 1-1, Pg. ID 17-20.) The court considered and addressed Petitioner's argument in its opinion and order denying relief. (Dkt. # 9, Pg. ID 84-85.) Petitioner does not present any new arguments, "but vehemently, disagree[s] with the ineffective assistance basis of this court's holding." (Dkt. # 11, Pg. ID 89.) He asserts that his appellate counsel was ineffective for failing to

argue for resentencing in light of *Alleyne v. United States*, 570 U.S. 99 (2013), in which the Supreme Court held that "[f]acts that increase the mandatory minimum sentence are therefore elements and must be submitted to the jury and found beyond a reasonable doubt." *Id.* at 108. Specifically, Petitioner contends that his counsel was ineffective for failing to argue that his sentence was based on improper judicial fact-finding since he never admitted to brandishing a firearm.

Petitioner was convicted for aiding and abetting an armed robbery during which a weapon was brandished. *See* 18 U.S.C. § 2(a) ("Whoever . . . aids, abets, counsels, commands, induces or procures" the commission of an offense against the United States "is punishable as a principal."). The robbery statute at issue states,

> (c)(1)(A) Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

18 U.S.C. § 924(c)(1)(A). Importantly, Petitioner was charged under both 18 U.S.C. § 2 and 18 U.S.C. § 924(c) in the indictment. (Dkt. # 1.)

Petitioner waived his right to have a jury determine he was guilty of every element of the conduct charged in the indictment beyond a reasonable doubt. Instead, he voluntarily and knowingly chose to plead guilty to facts which he knew would

3

establish his guilt as to the crimes in the indictment. Specifically, he knowingly pled guilty to facts that established his guilt as an aider and abettor of armed robbery under 18 U.S.C. § 924(c). The armed robbery statute explicitly states that the perpetrator will be subject to a seven-year minimum sentence if a firearm was brandished during the crime. The court clarified that Petitioner understood this fact during the plea colloquy:

> THE COURT: Right. So, the counts of conviction, if I accept the plea of guilty, would be Count Two for the 924(c) count; and that would require a seven-year mandatory minimum sentence that would be on top of whatever was received for the other counts of conviction.
> . . .
> THE COURT: Mr. Evans, do you understand those things, sir?
>
> DEFENDANT EVANS: Yes, sir.

(Dkt. # 278, Pg. ID 741-42.) The court further ensured that Petitioner understood that his Co-Defendant's conduct was enough to establish his guilt in the crime so long as he had knowledge of his Co-Defendant's acts:

> THE COURT: In the abstract at least. On Count Two, you're charged, each of you, with knowingly using and carrying a firearm in the commission of the offense in Count One. So, Count One can be proven even without a firearm; but if there was a firearm used and carried, in order to accomplish the crime of robbery of a business engaged in interstate commerce, then the use and carrying of that firearm by either one or both of you would be a separate crime as described in Count Two. Mr. Dunn, do you understand that?
>
> DEFENDANT DUNN: Yes, sir.
>
> THE COURT: Mr. Evans, do you?
>
> DEFENDANT EVANS: Yes, sir.
>
> THE COURT: You understand it's not necessary for both individuals to have used and carried a firearm It's provable even if only one person used and carried the firearm as long as the other person understood that that was -- that that was happening as it was happening. Mr. Dunn, do you understand that?

4

>    DEFENDANT DUNN: Yes, sir.
>
>    THE COURT: Mr. Evans.
>
>    DEFENDANT EVANS: Yes, sir.

(Dkt. # 278, Pg. ID 736-37.) The court then had Co-Defendant Tommie Dunn establish the fact of brandishing and Petitioner establish his knowledge:

>    THE COURT: All right. Mr. Evans, you knew he had a firearm?
>
>    DEFENDANT EVANS: Yes, sir.
>
>    THE COURT: And it was used to wave about or at least display it to the person being robbed, Mr. Dunn, correct?
>
>    DEFENDANT DUNN: Yes, sir.

(Dkt. # 278, Pg. ID 755.) The court did not conduct any judicial fact-finding, but rather sentenced Petitioner for the crime to which he pled guilty—aiding and abetting an armed robbery under 18 U.S.C. § 924(c)—based on the facts Petitioner acknowledged during his plea. Petitioner's voluntary and knowing guilty plea to each element of the crime of aiding and abetting an armed robbery during which a firearm was brandished supplanted the constitutional requirement that a jury find him guilty beyond a reasonable doubt of those elements. *Alleyne* is inapposite; Petitioner would not have been entitled to a remand for resentencing had counsel raised the issue. Consequently, counsel cannot be deemed ineffective for failing to raise a meritless claim of sentencing error.

## IV. CONCLUSION

Petitioner has failed to identify a palpable defect by which the court and the parties have been misled and the court will deny his motion for reconsideration. Moreover, the court concludes that reasonable jurists could not debate whether

Petitioner's Sixth Amendment right to counsel was violated and will decline to issue a certificate of appealability. Accordingly,

IT IS ORDERED that Defendant's Motion for Reconsideration or in the alternative for a Certificate of Appealability (Dkt. # 11) is DENIED.

<pre>                                        s/Robert H. Cleland            /
                                        ROBERT H. CLELAND
                                        UNITED STATES DISTRICT JUDGE</pre>

Dated: May 4, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 4, 2018, by electronic and/or ordinary mail.

<pre>                                        s/Lisa Wagner                  /
                                        Case Manager and Deputy Clerk
                                        (810) 292-6522</pre>